UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-755-RJC-DCK

| | |
|---|---|
| MARK ALLEN BLISS, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| ANSON COUNTY et al, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Set Aside All State Judgments and to Stay Unlawful Eviction. (Doc. No. 5). The Court construes that filing as Plaintiff's response to the Court's Show Cause Order. (Doc. No. 2). Previously, this Court reviewed Plaintiff's Complaint, (Doc. No. 1), and concluded that, in light of Plaintiff's previous filings—including filings in a separate action—"Plaintiff is engaging in a pattern of frivolous and harassing litigation that demonstrates an improper motive and lack of good faith." (Doc. No. 2 at 2). Accordingly, the Court announced that "the imposition of a pre-filing review is warranted." (*Id.* at 3). The Court offered Plaintiff an opportunity to explain why the Court should not impose a pre-filing review system. (*Id.* at 4). After a prior filing, which the Magistrate Judge, out of an abundance of caution, construed as a motion for additional to time to respond to the Court's Order to Show Cause, (Doc. No. 4 at 1), Plaintiff filed the instant motion. (Doc. No. 5).

Pursuant to Rule 11, the Court may impose sanctions to deter improper

1

litigation tactics. *See* Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (cleaned up). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting *Black v. New Jersey*, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

As explained in this Court's previous Order, applying these factors to the present case, the Court concludes that the imposition of a pre-filing review system is

warranted. Plaintiff has filed this and one other similar frivolous action in this Court. Plaintiff has been warned multiple times that repeated frivolous filings may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.

The Court finds that Plaintiff is undeterred in his improper litigation, despite express admonishment by the Court. The Plaintiff's frivolous and duplicative filings are burdensome on the Court. In light of these circumstances, the Court concludes that the Plaintiff will continue these repeated, voluminous filings if he is not subjected to a pre-filing review system. Thus, no other sanction would be effective.

Specifically, in its previous order, (Doc. No. 2), the Court provided Plaintiff with a warning that a pre-filing review system may be imposed and provided Plaintiff fourteen (14) days to respond and show cause why such a system should not be imposed. Plaintiff's response in the present Motion misses the mark of providing any reason why a pre-filing review system should not be imposed. (Doc. No. 5).

In his Motion, Plaintiff files a slew of documents and communications for the Court to review—none of which provide the Court with any reasons why this action should proceed. The first page of Plaintiff's filing directs the Court once again to Plaintiff's prior action, which was ultimately dismissed: 3:22-cv-501-FDW. In the latter pages of Plaintiff's filing, Plaintiff includes an annotated copy of this Court's Order to Show Cause through which he argues that he "could not serve anyone" as he was in jail unlawfully and that he "need not show cause because the courts knew." (Doc. No. 5-1 at 46). Further, Plaintiff proffers that it has been consistently ruled that

3

"you cannot convert a right into a crime."

This Court's Order, (Doc. No. 2), did not ask Plaintiff to show cause for failure to serve. Rather, the Court conducted an initial review of Plaintiff's Complaint and required Plaintiff to show cause as to why a pre-filing review system should not be imposed. Plaintiff's Complaint lacked any clear allegations or substance but merely referenced Plaintiff's prior action before another judge in this District, which was dismissed and Plaintiff was warned of the imposition of a pre-filing review system. Here, the bulk of Plaintiff's response consists of documents, communications, and state court filings. Plaintiff has failed to show cause as to why a pre-filing review system should not be imposed.

In sum, the Court previously found that Plaintiff's filings in this frivolous action constitute harassment, causing the Court to expend considerable resources. (Doc. No. 2). Despite direct warning to Plaintiff about the imposition a pre-filing review system, Plaintiff has failed to articulate any good reason for the Court not to impose a pre-filing review system.

For these reasons, and for all the reasons set forth in the Court's prior Order, (Doc. No. 2), the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Vandyke*, 2012 WL

4

2576746, at *3.

**IT IS THEREFORE ORDERED** that a pre-filing review system is hereby **IMPOSED**, and all documents submitted by the Plaintiff in the future, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF.

**IT IS SO ORDERED.**
Signed: September 11, 2024

Robert J. Conrad, Jr.
United States District Judge